# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF CLARION COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| AIMEE MORRISON, | CIVIL DIVISION |
| Plaintiff, | NO.: 979 CD 2016 |
| v. | TYPE OF PLEADING: |
| CLARION INDUSTRIES, LLC, | **COMPLAINT IN CIVIL ACTION** |
| Defendant. | FILED ON BEHALF OF PLAINTIFF |
| | COUNSEL OF RECORD FOR THIS PARTY: |
| | ROLF LOUIS PATBERG, ESQUIRE<br>PA I.D. NO.: 65185 |
| | PATBERG LAW FIRM<br>1034 PERALTA STREET<br>PITTSBURGH, PA 15212<br>(412) 232-3500 |
| **JURY TRIAL DEMANDED** | |

IN THE COURT OF COMMON PLEAS OF CLARION COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| AIMEE MORRISON, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | NO.: 979 CD 2016 |
| | ) | |
| v. | ) | |
| | ) | |
| CLARION INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## NOTICE TO PLEAD

    YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO, THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFFS. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pennsylvania Bar Association
P.O. Box 186
Harrisburg, PA  17108
(800) 692-7375

IN THE COURT OF COMMON PLEAS OF CLARION COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| AIMEE MORRISON, | ) CIVIL DIVISION |
| Plaintiff, | ) NO.: 979 CD 2016 |
| v. | ) |
| CLARION INDUSTRIES, LLC, | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Aimee Morrison, by and through her attorneys, Rolf Louis Patberg, Esquire, and the law firm of Patberg Law Firm, and files the following Complaint in Civil Action and, in support thereof, avers as follows:

1. Aimee J. Morrison (hereinafter "Morrison") is an adult individual residing at 199 Cherry Lane, Tionesta, Forest County, Pennsylvania 16353.

2. Defendant, Clarion Industries, LLC (hereinafter "Clarion") is a corporation trading and doing business at 143 Fiberboard Avenue, Shippenville, Clarion County, Pennsylvania 16254.

### I. Statement of Jurisdiction on the Venue

3. Jurisdiction in the Court of Common Pleas of Clarion County is proper pursuant to 43 P.S. §962 and §1421, et seq.

4. Plaintiff Morrison has met the administrative exhaustion requirements for the discrimination under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and discrimination based upon disability under the Pennsylvania Human Relations Act as she has timely filed administrative charges with the Equal Employment Opportunity Commission, Charge No. 846-2016-07272 as part of a duel filing and a right to sue letter was issued by the EEOC on May 25, 2016.

5. Plaintiff filed a Praecipe for Writ of Summons on August 22, 2016 in the Court of Common Pleas of Clarion County.

## II. Factual Averments

6. Plaintiff incorporates Paragraphs 1 through 5 of the within Complaint as though the same were set forth at length.

7. Clarion is engaged in the business of manufacturing laminate flooring materials and employs over 100 employees.

8. At the time of her termination from employment, Morrison was employed as a laborer on an assembly line at Defendant's Shippenville, Pennsylvania location.

9. Plaintiff Morrison began working for Clarion on December 15, 2014 as a laborer at Clarion's Shippenville Pennsylvania location.

10. On June 4, 2015, Plaintiff began medical leave related to disability associated with Crohn's disease and began receiving short term disability benefits.

11. Plaintiff's short term disability benefits was to expire in early December 2015 and she was then going to receive long term disability benefits beginning in early December 2015.

12. Immediately upon the expiration of Plaintiff's short term disability, Defendant Clarion terminated Plaintiff's employment on December 8, 2015.

## COUNT I
### Disability Discrimination
*Pennsylvania Human Relations Act*
### Harassment/Adverse Employment Action/Retaliation

13. Plaintiff incorporates by reference Paragraphs 1 through 12 of the within Complaint as though set forth at length.

14. Plaintiff Morrison's protected classes is that of an individual with a disability as defined under the Pennsylvania Human Relations Act.

15. Beginning on June 4, 2015, Plaintiff became disabled while working for Defendant Clarion and was off work on medical leave receiving short term disability benefits through Defendant.

16. Plaintiff Morrison's short term disability leave was to expire in early December 2015 at which time she was to convert to long term disability benefits.

17. Immediately upon the expiration of Plaintiff's short term disability, her employment was terminated as of December 8, 2015 by Defendant Clarion.

18. The adverse employment action taken against Plaintiff was the result of discriminatory animus based upon Plaintiff's disability and/or in retaliation for Plaintiff taking medical leave and receiving short term disability benefits as a result of her disability.

19. Based upon the foregoing, Plaintiff alleges that Defendant violated 43 P.S. §955 of the Pennsylvania Human Relations Act, 43 P.S. §951-963.

20. The Plaintiff prays that the Defendant be required to provide all appropriate remedies under the Pennsylvania Human Relations Act, including reinstatement, back pay, front pay, attorneys' fees and all compensable damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendant in an amount in excess of the Arbitration limits of Clarion County.

## COUNT II
### Disability Discrimination
*American's with Disabilities Act*
### Harassment/Adverse Employment Action/Retaliation

21. Plaintiff incorporates by reference Paragraphs 1 through 20 of the within Complaint as though set forth at length.

22. Plaintiff's protected class is that of a "qualified individual" within the meaning of the Americans with Disabilities Act (hereinafter "ADA) because of a known disability or being regarded as having a disability under Title I of the ADA, 42 U.S.C. §12101 et seq. as amended.

23. Beginning on January 4, 2015, Plaintiff became disabled while working for Defendant Clarion and was off work on medical leave receiving short term disability benefits through Defendant.

24. Plaintiff Morrison's short term disability leave was to expire in early December 2015 at which time she was to convert to long term disability benefits.

25. Immediately upon the expiration of Plaintiff's short term disability, her employment was terminated as of December 8, 2015 by Defendant Clarion.

26. The adverse employment action taken against Plaintiff was the result of discriminatory animus based upon Plaintiff's disability and/or in retaliation for Plaintiff taking medical leave and receiving short term disability benefits as a result of her disability.

27. Based upon the foregoing, Plaintiff alleges that Defendant violated 42 U.S.C. §12112 of the ADA, 42 U.S.C. §12101, et seq.

28. The Plaintiff prays that the Defendant be required to provide all appropriate remedies under the ADA, including reinstatement, back pay, front pay, attorneys' fees and all compensable damages.

## VERIFICATION

Aimee Morrison verifies that she is the Plaintiff in the foregoing action; that the foregoing Complaint is based upon information which she has furnished to her counsel and information which has been gathered by her counsel in preparation of the lawsuit. The language in the Complaint is that of counsel and not of Plaintiff. Plaintiff has read the Complaint and, to the extent that it is based upon information which she has given to her counsel, it is true and correct to the best of her knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, she has relied upon counsel in making this Affidavit. Plaintiff understands that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: 4/9/17

_____
Aimee Morrison

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certify that a true and correct copy of the foregoing Complaint in Civil Action was forwarded this 12 day of April, 2017 via postage prepaid United States Mail and E-Mail to the following counsel of record:

Clarion Industries, LLC
143 Fiberboard Avenue
Shippenville, PA 16254

_____
Rolf Louis Patberg, Esquire